**SHAO SHAN YANG, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

**No. 06–71296.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.**

Filed Dec. 12, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, Edric Ching, Esq., Office of the U.S. Attorney, Honolulu, HI, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM ***

Shao Shan Yang, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming the ruling of an immigration judge ("IJ") denying Yang's application for asylum and withholding of removal based on her adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252.

*** This disposition is not appropriate for publication and is not precedent except as provid-

Where the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir. 2006). We review the IJ's adverse credibility determination for substantial evidence. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

The IJ identified several inconsistencies between Yang's testimony and other evidence regarding his level of involvement in the Falun Gong movement, alleged beating by police and escape from a raid, and the treatment of his father in prison. Since the IJ offered "specific, cogent reason[s]" for her disbelief, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000), and the inconsistencies went to the heart of Yang's asylum claim, *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001), substantial evidence supported her adverse credibility determination.

Because Yang failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**